# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3740 | **DATE** | 6/1/2012 |
| **CASE TITLE** | Rilwan Wilson (#2011-0922165) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes Cook County Jail officials to deduct $1.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [**For further details see text below.**]                                                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a pretrial detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Sheriff of Cook County, has violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that the jail is overcrowded and that he is forced to stay in his cell for 18 to 21 hours a day.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee
**(CONTINUED)**

| | mjm |
|---|---|

is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the facts alleged do not state a tenable constitutional claim. Although the plaintiff fails to describe what the "18 and 6 policy" involves, it should be noted that the U.S. Court of Appeals for the Seventh Circuit has routinely upheld lockdowns of more than the 18-21 hours the plaintiff says he has to endure. In *Davenport v. DeRobertis*, 844 F.2d 1310, 1314 (7th Cir. 1988), for example, the Court of Appeals concluded that the district court did not commit clear error in concluding that the Eighth Amendment required that any prisoner who had been confined in segregation for 90 or more days be allowed at least five hours of exercise outside of his cell each week. Furthermore, that decision focused more on the aspect of isolation that single-celled prisoners in the class action experienced. *Id.* at 1313-14. In *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986), the Court of Appeals held that the Eighth Amendment was not violated when an inmate was confined to his cell twenty four hours a day and denied all outside and indoor exercise privileges for a month, followed by a six month period of confinement in a cell for twenty three hours a day with only one hour of daily indoor exercise. In general, "lack of exercise may rise to a constitutional violation [only] in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Simply being confined to a cell for 18 hours or longer would not appear to implicate any constitutional concerns under the facts alleged.

The plaintiff's allegations of overcrowding are likewise insufficient to state a cause of action under 42 U.S.C. § 1983. A grievance attached to the complaint indicates that two people are housed in single-man cells. The Seventh Circuit Court of Appeals has repeatedly held that double-celling does not amount to a constitutional violation. *See e.g., Smith v. Fairman*, 690 F.2d 122, 125-26 (7th Cir. 1982) (1983); *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985). The United States Supreme Court has also ruled that double celling is not *per se* unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Overcrowding may rise to the level of a constitutional violation when it leads to "deprivations of essential food, medical care, or sanitation, ... increase[s] violence among inmates, or create[s] other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348; *see also Wellman v. Faulkner*, 715 F.2d 269, 274-75 (7th Cir. 1983).

It is not enough for the plaintiff simply to say that the jail is overcrowded. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."
**(CONTINUED)**

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Parroting the language of *Rhodes* and *Wellman*, the plaintiff asserts that overcrowding has "led to violations in food service, deteriorated physical conditions, medical care, reduced privacy, violence, and safety hazards." (Complaint, p. 4.) But the plaintiff must state specific facts illustrating how alleged overcrowding has personally affected him to the extent that his Fourteenth Amendment rights have been violated. Generalities and conclusory statements will not state a claim.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint if he believes that he can articulate a constitutional violation. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is also warned that a legally frivolous amended complaint could result in the imposition of a "strike" under 28 U.S.C. § 1915(g). If a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.