# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3740 | **DATE** | 7/13/2012 |
| **CASE TITLE** | Rilwan Wilson (#2011-0922165) vs. Sheriff Tom Dart | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint, but only insofar as he is challenging the adequacy of the food served at the jail. On the court's own motion, all other claims are summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to: (1) file the amended complaint; (2) issue summons for service on defendant Dart by the U.S. Marshal; and (3) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]                                              Docketing to mail notices.

## STATEMENT

The plaintiff, a pretrial detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Sheriff of Cook County, has violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff challenges the jail's "18-6 policy," as well as general conditions at the facility.

The plaintiff has submitted an amended complaint, as directed. *See* Minute Order of June 1, 2012. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act only to the extent that he contends that the food served at the jail is nutritionally and calorically inadequate. All other claims are summarily dismissed on preliminary review.

## FACTS

The plaintiff is a pretrial detainee at the jail, facing prosecution for an allegedly non-violent crime. The plaintiff contends that although he is classified as medium security, he is housed like a maximum security prisoner. The plaintiff maintains that: (1) the jail's "18-6 policy" violates the Constitution and federal jail standards; (2) the jail is overcrowded (two inmates are forced to share a small cell); (3) the facility offers **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

unsatisfactory medical care; (4) there is inadequate access to the jail law library; (5) some smaller day rooms lack exercise equipment, and are outfitted with only a television and tables; (6) there are no lock-boxes for letters and other personal property; (7) the food at the jail is calorically and nutritionally deficient; and (8) some detainees victimize their cellmates. The plaintiff also makes an equal protection claim that certain tiers are assigned better day rooms and longer hours outside their cells.

## ANALYSIS

Most of the plaintiff's claims are non-actionable. For pretrial detainees, in order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment" without due process. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 472–73 (7th Cir. 1998). The Due Process clause prohibits the State from punishing a pretrial detainee and requires jail officials to "provide humane conditions of [pretrial] confinement." *Stead v. Skinner*, No. 10 C 4526, 2011 WL 3882809, *3 (N.D. Ill. Sep. 2, 2011) (citing *Henderson v. Sheahan*, 196 F.3d 839, 844-45 (7th Cir. 1999)). A determination whether jail conditions constitute "punishment" turns on the totality of the conditions of confinement. *DeMallory v. Cullen*, 855 F.2d 442, 445 (7th Cir. 1988) (citations omitted); *Bennett v. Sheahan*, No. 99 C 2270, 1999 WL 967534, *3 (N.D. Ill. Oct. 5, 1999) (Holderman, J.).

The plaintiff's challenge to the "18 and 6 policy" is dismissed. Despite being invited to do so, the plaintiff has not explained precisely what the 18 and 6 policy involves, but as the court understands the practice, inmates spend up to eighteen hours at a time in their cells and then have six hours in the day room, on a rotating basis. As discussed in its prior order, the U.S. Court of Appeals for the Seventh Circuit has routinely upheld lockdowns of more than the 18-21 hours the plaintiff says he has to endure. *See, e.g., Davenport v. DeRobertis*, 844 F.2d 1310, 1314 (7th Cir. 1988); *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986). Being afforded three to six hours a day out of his cell does not violate the plaintiff's constitutional rights. Even if the policy somehow violates American Correctional Association standards, as the plaintiff asserts, a violation of those standards is not the same as a constitutional violation. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 n.13 (1992) (citing *Bell, supra*, 441 U.S. at 544, n. 27) ("[W]hile the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima")).

Likewise, double celling of inmates is not a *per se* violation of the Constitution. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 352 (1981); *Smith v. Fairman*, 690 F.2d 122, 125-26 (7th Cir. 1982) (1983); *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985). Placing two or more inmates in a cell together is common institutional practice. *See Bell*, 441 U.S. at 541–43. There is not "some sort of one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment." *Elliott v. Baker*, No. 01 C 0174, 2008 WL 4876871, *3 (N.D. Ill. Jul. 28, 2008) (Andersen, J.) (quoting *Bell*, 441 U.S. at 542; *see also Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003).

**(CONTINUED**

| STATEMENT |
|---|

Although given the opportunity to do so, the plaintiff has failed to state how he personally has been adversely affected by double-celling or overcrowding. He notes that some inmates are bullied by their cellmates, that mail and medical services are sometimes delayed, and that there is not enough access to the jail law library, but he does not suggest that he himself has suffered any injury--any medical condition that went untreated, any civil or criminal case that was prejudiced, or any mistreatment he suffered at the hands of a fellow detainee. As the court previously admonished the plaintiff, *see* Minute Order of June 1, 2012, generalities and legal conclusions are insufficient to state a claim. "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Furthermore, the lack of exercise equipment and recreational supplies does not violate the Fourteenth Amendment. There is a significant difference between a lack of recreation and an inability to exercise. "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (confinement in segregation unit for four weeks). Notwithstanding the lack of weights and bars, the plaintiff retains the ability to move about freely and to improve an exercise regimen during his six hours outside his cell. *See, e.g., Gurley v. Sheahan*, No. 06 C 3454, 2009 WL 2178685, *8 (N.D. Ill. Jul. 21, 2009) (Pallmeyer, J.).

The plaintiff's equal protection claim also fails: although he does not indicate why certain tiers have better hours and a better recreation room, there is no allegation that correctional officials have made the decision motivated by invidious discrimination, as opposed to legitimate management needs.

The plaintiff will nevertheless be permitted to pursue his claim that the food served at the jail is inadequate. Inmates have a constitutional right to a nutritionally adequate diet. *See Hutto v. Finney*, 437 U.S. 678 n.7 and 686-87 (1978); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (1996). The court notes that the plaintiff already filed suit raising that claim. *See Wilson v. Cook County Dept. of Corrections*, Case No. 12 C 0738 (N.D. Ill.). That case was dismissed for failure to comply with an order to amend, *see* Minute Order of April 20, 2012 (Leinenweber, J.); therefore, the doctrine of res judicata would not seem to bar the plaintiff's relitigation of that claim.

The clerk is directed to file the amended complaint and issue summonses for service of the amended complaint on the defendant. The United States Marshals Service is appointed to serve defendant Dart. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court **(CONTINUED)**

| **STATEMENT** |
|---|
| filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff. |